UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
PATRICIA MEDIATE,

                Plaintiff,

  -against-

HUNTERDON INTEGRATIVE PHYSICIANS
SCOTT P.R. BERK PC, and
SCOTT BERK, individually,

                Defendants.
-------------------------------------------------------------X

Civil Case No: 2:17-CV-428

**COMPLAINT**

Plaintiff Demands A Trial By Jury

Plaintiff, PATRICIA MEDIATE (hereinafter referred to as "Plaintiff" and/or "MEDIATE"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant HUNTERDON INTEGRATIVE PHYSICIANS SCOTT P.R. BERK PC (hereinafter referred to as "HUNTERDON") and Defendant SCOTT BERK, individually (hereinafter referred to as "BERK") (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff brings this action, charging that the Defendants violated Plaintiffs' rights pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiffs have suffered as a result of, *inter alia*, sex/gender discrimination, together with sexual harassment, hostile work environment, and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. On or about May 24, 2016, Plaintiff submitted a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On or about October 24, 2016, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions that gave rise to the claims asserted herein occurred within the District of New Jersey.

## PARTIES

8. Plaintiff is an individual female who is a resident of the State of Pennsylvania in the County of Northampton.

9. At all times material, Defendant HUNTERDON INTEGRATIVE PHYSICIANS SCOTT P.R. BERK PC is a professional corporation duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

10. At all times material, Defendant SCOTT BERK was and is the owner and manager of Defendant HUNTERDON.

11. At all times material, BERK had supervisory authority over Plaintiff with regard to her

employment.

12. At all times material, Defendant HUNTERDON and Defendant BERK were joint employers of Plaintiff.

## STATEMENT OF MATERIAL FACTS

13. Defendants hired Plaintiff on or about February 15, 2016.

14. Defendants hired Plaintiff as a medical assistant in BERK's practice, located at 33 Rupell Road, Hampton, NJ 08827.

15. From the onset, in the presence of Plaintiff, Defendant BERK made discriminatory and inappropriate sexual remarks regarding employees and patients.

16. For instance, on or about February 16, 2016, Defendant BERK instructed DANIELLE PAOLINI (hereinafter referred to as "PAOLINI"), another medical assistant and coworker of Plaintiff, "You're in charge of her. Use her! Make her your bitch!" Defendant BERK was referring to Plaintiff and instructed PAOLINI that she was to use Plaintiff as her "bitch." As a woman, Plaintiff was extremely offended by Defendant BERK's comment. Later that day, Defendant BERK repeated this comment two more times.

17. Defendants discriminated against Plaintiff on the basis of her sex/gender.

18. Defendants subjected Plaintiff to a hostile work environment on the basis of her gender.

19. Shortly after Plaintiff began working for Defendants, Defendant BERK asked Plaintiff if she had breast-fed her children. Defendant BERK's comment made Plaintiff feel extremely uncomfortable and Plaintiff found it inappropriate for her supervisor to have asked such a personal question.

20. This began a pattern and practice of sex/gender discrimination by BERK and Defendants.

21. On numerous occasions, Defendant BERK made sexual comments regarding employees of Defendants'.

22. On one occasion, Defendant BERK approached a Registered Nurse ("RN") employed by Defendants, and told her, "I broke into your house last night. You need new batteries!" and proceeded to wink at the RN. Defendant BERK was joking that the RN was using a vibrator - an electrical sexual toy. Plaintiff found this comment to be extremely inappropriate, discriminatory and offensive.

23. Immediately after Defendant BERK's comment, another employee commented to Plaintiff, "You look like a disapproving mother." In the presence of Defendant BERK and several other employees of Defendants', Plaintiff responded that Defendant BERK's constant sexual comments made her extremely uncomfortable. Plaintiff requested that Defendant BERK please watch his language and refrain from being so vulgar around her. Defendant BERK responded, "Sorry, but sex is primal. This is who I am."

24. Defendants discriminated against Plaintiff on the basis of her sex/gender.

25. Defendants subjected Plaintiff to a hostile work environment on the basis of her gender.

26. As a result of Defendant BERK's continuous sexual comments and inappropriate behavior, Plaintiff began to feel severe anxiety while working.

27. On another occasion, Defendant BERK overheard another employee of Defendants' commenting to Plaintiff that she had been dieting but that her breasts continued to grow in size. Defendant BERK interjected and stated, "We thank your husband for that." Plaintiff and her coworker found Defendant BERK's comment to be very inappropriate.

28. Defendants subjected Plaintiff to a hostile work environment on the basis of her gender.

29. On numerous occasions, Defendant BERK made sexual comments regarding patients.

30. Specifically, on one occasion, just before conducting a gynecological exam on a patient, Defendant BERK commented to Plaintiff, "I'm about to stick my whole hand into her hoo-

ha." Plaintiff understood, "hoo-ha" to mean the patient's vagina. Again, as a woman, Plaintiff found Defendant BERK's comment to be highly offensive.

31. Defendants subjected Plaintiff to a hostile work environment on the basis of her gender.

32. On another occasion, Defendant BERK was examining a male patient whom had come to receive a shot of testosterone on a Thursday afternoon. Defendant BERK asked Plaintiff if she knew why the patient needed the shot. Plaintiff responded that she did not. Defendant BERK responded, "Because he wants to fuck all weekend!" Plaintiff found this comment to be very sexually inappropriate, discriminatory and offensive.

33. On another occasion, Defendant BERK returned from a local bank and commented to Plaintiff that a female bank employee's, "boobs were ridiculous." BERK also informed Plaintiff that as a result of seeing this woman's breasts, Defendant BERK needed to take a cold shower in order to alleviate his erection.

34. Plaintiff found Defendant BERK's comment to be egregious and repulsive.

35. Defendants subjected Plaintiff to a hostile work environment on the basis of her gender.

36. Throughout the course of Plaintiff's brief employment with Defendants, Plaintiff complained to BERK on several occasions and asked that he refrain from using such vulgar and sexually explicit language. On one occasion, Defendant BERK dismissed Plaintiff by telling her, "Whatever, go fix your hair."

37. Defendants discriminated against Plaintiff on the basis of her sex/gender.

38. Defendants subjected Plaintiff to a hostile work environment on the basis of her sex/gender.

39. All of these comments were made inside of the thirty (30) day span of Plaintiff's employment at HUNTERDON.

40. Defendant BERK's constant and pervasive comments created a hostile and sexually

discriminatory work environment.

41. On or about March 15, 2016, Plaintiff could not take it anymore and began hysterically crying. Plaintiff sent a text message to Defendants' employee, ROSE GUNN and stated the following, "Hi Rose, Sorry to have put you in an awkward situation this afternoon. Between Dr. Berk and Danielle picking at everything I did it just wears a person down." Furthermore, Plaintiff stated, "Besides his tantrums, sex talk, gritting his teeth and throwing patients coats in the floor. It like walking on egg shells. I never have walked out on a job, it's not my character at all..."

42. As a result, Defendants constructively discharged Plaintiff on or about March 15, 2016.

43. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

44. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

45. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

46. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

47. The above are just some of the examples of the pattern and practice of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER
TITLE VII
(AGAINST DEFENDANT HUNTERDON)**

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer:
"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . .."

50. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of her sex/gender, together with causing a hostile work environment based on the same.

51. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

52. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
UNDER NEW JERSEY STATE LAW
DISCRIMINATION
(AGAINST ALL DEFENDANTS)**

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. New Jersey's Law Against Discrimination ("NJLAD") Section 10:5-12(a) sets forth in pertinent part as follows:

"It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

55. Defendants engaged in unlawful discriminatory practices prohibited by NJLAD Section 10:5 *et seq.*, by discriminating against the Plaintiff because of her sex/gender, together with causing a hostile work environment based on the same.

56. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the NJLAD Section 10.

57. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### AIDING AND ABETTING
### (AGAINST ALL DEFENDANTS)

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. New Jersey Law Against Discrimination §10:5-12(e) provides that it shall be an unlawful

discriminatory practice:

"For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

60. Defendants engaged in an unlawful discriminatory practice prohibited by NJLAD Section 10:5 *et seq.*, by aiding, abetting, inciting, compelling and/or coercing the discriminatory, unlawful, and retaliatory conduct as stated herein.

61. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendant in an amount to be determined at trial for all emotional distress, lost wages, back and front pay, punitive damages, liquidated and statutory damages, attorneys fees, costs and interest and awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:  New York, New York
         January 20, 2017

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

_____
Zack Holzberg, Esq.
30 Broad Street, 35th Floor
New York, NY 10004
(212) 587-0760